# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES FIDELITY &
GUARANTY COMPANY,**

                **Plaintiff,**

-vs-                                              Case No. 6:06-cv-1180-Orl-31JGG

**LIBERTY SURPLUS INSURANCE
CORPORATION and UNITED STATES
FIRE INSURANCE COMPANY,**

                **Defendants.**
_____

**LIBERTY SURPLUS INSURANCE
CORPORATION,**
       **Third Party Plaintiff,**
vs.

**ALLEN IRONWORKS, INC., AEICOR
METAL PRODUCTS, INC., MENDOZA
PAINTING LLC, MEL HAYES
PAINTING, INC., MOSS
WATERPROOFING & PAINTING CO.,
INC., FARRIS GYPSUM FLOORS OF
FLORIDA INC., ST. PAUL TRAVELERS,
COMMERCIAL UNION INSURANCE
COMPANY, AMERISURE INSURANCE
COMPANY AND AUTO-OWNERS
INSURANCE COMPANY,**

               **Third Party Defendants.**
_____

## ORDER

      This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 105)

filed by Third Party Defendant One Beacon America Insurance Company f/k/a Commercial Union

Insurance Company ("One Beacon") and the response (Doc. 118) filed by Defendant/Third Party Plaintiff Liberty Surplus Insurance Corporation ("Liberty Surplus"). One Beacon seeks dismissal of Count XXIX[1] of the Amended Third Party Complaint (Doc. 121 at 56).

## I.   Background

The original Plaintiff, United States Fidelity & Guaranty Company ("USF&G"), served as surety for John T. Callahan & Sons, Inc. ("Callahan"), a general contractor. After paying to settle construction-related claims against Callahan, USF&G sued two of Callahan's insurers – Liberty Surplus (as the primary insurer) and an excess carrier – to recover the payments. In turn, Liberty Surplus filed a third-party complaint against Callahan's subcontractors and certain insurers (the "Third Party Insurers"), including One Beacon. Liberty Surplus alleges that the Third Party Insurers provided coverage to Callahan either directly or through policies issued to the subcontractors in which Callahan was named as an additional insured. In Count XXIX of its amended third party complaint, Liberty Surplus seeks contribution from the Third Party Insurers.

## II.   Standards

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally

---

[1] One Beacon's motion actually seeks dismissal of Count XIX rather than Count XXIX. The contribution claim against One Beacon and the other insurance carriers was the subject of Count XIX of the original third party complaint. (Doc. 27 at 59). However, in the current (amended) third party complaint, the claim against One Beacon is found at Count XXIX, not Count XIX. (Doc. 121 at 39, 56).

construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed.R.Civ.P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III.     Analysis**

One Beacon contends that, under Florida law, contribution is unavailable between insurers. (Doc. 105 at 4). One Beacon bases this on its contention that it and Liberty Surplus are not joint tortfeasors, as required by Florida Statute § 768.31(2), part of Florida's Uniform Contribution

Among Tortfeasors Act. (Doc. 105 at 5). However, Liberty Surplus does not contend that it and One Beacon are joint tortfeasors. As even a cursory reading of Count XXIX should have made clear, Liberty Surplus bases its contribution claims (as well as its subrogation claims) on the other insurers' provision of coverage to Callahan, not on a tort. Florida law permits an excess carrier to sue a primary carrier for either equitable subrogation or equitable contribution. *Essex Builders Group, Inc. v. Amerisure Insurance Company*, 429 F.Supp.2d 1274, 1288 (M.D.Fla. 2005) (Conway, J.).

One Beacon next argues that Liberty Surplus can only recover amounts it paid on behalf of a judgment rendered against Callahan. (Doc. 105 at 6-7). Similarly, One Beacon contends that Liberty Surplus must obtain an agreement preserving its cause of action against One Beacon as a prerequisite to the contribution it now seeks. (Doc. 105 at 6). However, such claims can be asserted, on a contingent basis, prior to any payment by Liberty Surplus, or the entry of judgment against it. *See id.* at 1289.

One Beacon finally argues that it cannot be held liable for any attorneys' fees incurred in defending Callahan, as the duty to defend is personal and does not inure to the benefit of another insurer. (Doc. 105 at 5-6). It is true that Florida Statute § 627.428 permits recovery of an attorney's fee against an insurer only by a prevailing "named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer." However, at least in the case of a subrogation – where the insurer steps into the shoes of the insured– Florida courts will permit recovery of such fees by an insurance company in certain circumstances. *See Cosmopolitan Mut. Ins. Co. v. Eden Roc Hotel*, 258 So. 2d 310, 312-13 (Fla. 3d DCA 1972) (permitting recovery of statutory attorney's fee by insurer where suit was brought in name of insured to enforce policy)

*and see Utica Mut. Ins. Co. v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 639 So. 2d 41, 43) (denying recovery where true nature of action was for declaratory relief between two insurers rather than a subrogation action).

**IV.   Conclusion**

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 105) filed by Third Party Defendant One Beacon America Insurance Company f/k/a Commercial Union Insurance Company is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 2, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party