**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES FIDELITY &**
**GUARANTY COMPANY,**

               **Plaintiff,**

-vs-                                                  **Case No. 6:06-cv-1180-Orl-31UAM**

**LIBERTY SURPLUS INSURANCE**
**CORPORATION and UNITED STATES**
**FIRE INSURANCE COMPANY,**

               **Defendants.**
_____

**LIBERTY SURPLUS INSURANCE**
**CORPORATION,**
      **Third Party Plaintiff,**
vs.

**ALLEN IRONWORKS, INC., AEICOR**
**METAL PRODUCTS, INC., MENDOZA**
**PAINTING LLC, MEL HAYES**
**PAINTING, INC., MOSS**
**WATERPROOFING & PAINTING CO.,**
**INC., FARRIS GYPSUM FLOORS OF**
**FLORIDA INC., ST. PAUL TRAVELERS,**
**COMMERCIAL UNION INSURANCE**
**COMPANY, AMERISURE INSURANCE**
**COMPANY AND AUTO-OWNERS**
**INSURANCE COMPANY,**

               **Third Party Defendants.**
_____

# ORDER

      This matter comes before the Court on the motion for summary judgment filed by the

Plaintiff, United States Fidelity and Guaranty Company ("USF&G") (Doc. 87), the response filed

by Defendant Liberty Surplus Insurance Corporation ("Liberty") (Doc. 119), and the reply (Doc. 143) filed by USF&G.  USF&G seeks a judgment that two policies issued by Liberty to a general contractor, John T. Callahan & Sons, Inc. ("Callahan"), provide coverage for the claims it now raises against Liberty in this case regarding a troubled construction project.  (Doc. 87 at 1). USF&G also seeks a judgment that certain exclusions relied on by Liberty do not apply here and that Liberty breached its duty to defend under the policies by refusing to participate in an arbitration involving the owner of the apartment complex Callahan constructed.  (Doc. 87 at 1-2). USF&G contends that all of these issues may be determined "from the four corners of the written contracts of insurance" and that there are no disputed issues of material fact.  (Doc. 87 at 1).  The discovery deadline in this case is August 1, 2007.  (Doc. 34 at 2).

   After reviewing the record, the Court finds that disputed issues of material fact remain. The coverage issue is dependent upon, among other things, a choice of law issue that cannot be determined from the four corners of the policies.  The exclusion issues require numerous factual determinations, such as the root cause of the damage to the apartment complex, and whether that damage occurred prior to the term of the two policies at issue here – none of which can be made solely by referring to the policies.  And the duty to defend issue depends, at least in part, on the resolution of the coverage and exclusion issues to determine whether the apartment complex

owner raised claims against Callahan that fell within the coverage provided under those policies. In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Summary Judgment (Doc. 87) is **DENIED WITHOUT PREJUDICE**.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on May 24, 2007.

                                                  GREGORY A. PRESNELL
                                            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party