**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES FIDELITY &**
**GUARANTY COMPANY,**

                     **Plaintiff,**

-vs-                                                   **Case No. 6:06-cv-1180-Orl-31UAM**

**LIBERTY SURPLUS INSURANCE**
**CORPORATION and UNITED STATES**
**FIRE INSURANCE COMPANY,**

                     **Defendants.**
_____

**LIBERTY SURPLUS INSURANCE**
**CORPORATION,**
      **Third Party Plaintiff,**
vs.

**ALLEN IRONWORKS, INC., AEICOR**
**METAL PRODUCTS, INC., MENDOZA**
**PAINTING LLC, MEL HAYES**
**PAINTING, INC., MOSS**
**WATERPROOFING & PAINTING CO.,**
**INC., FARRIS GYPSUM FLOORS OF**
**FLORIDA INC., ST. PAUL TRAVELERS,**
**COMMERCIAL UNION INSURANCE**
**COMPANY, AMERISURE MUTUAL**
**INSURANCE COMPANY AND AUTO-**
**OWNERS INSURANCE COMPANY,**

      **Third Party Defendants.**
_____

## ORDER

      This matter comes before the Court on the Motion to Dismiss (Doc. 117) filed by Third

Party Defendant Amerisure Mutual Insurance Company ("Amerisure") and the reply (Doc. 162)

filed by Defendant/Third Party Plaintiff Liberty Surplus Insurance Corporation ("Liberty Surplus"). Amerisure seeks dismissal of County XXIX of the Amended Third Party Complaint (Doc. 121).

**I.   Background**

The Plaintiff, United States Fidelity & Guaranty Company ("USF&G"), served as surety for John T. Callahan & Sons, Inc. ("Callahan"), a general contractor. After paying to settle construction-related claims against Callahan, USF&G sued two of Callahan's insurers – Liberty Surplus (as the primary insurer) and an excess carrier – to recover the payments. In turn, Liberty Surplus filed a third-party complaint against Callahan's subcontractors and certain insurers (the "Third Party Insurers"), including Amerisure. Liberty Surplus alleges that the Third Party Insurers provided coverage to Callahan either directly or through policies issued to the subcontractors in which Callahan was named as an additional insured. In Count XXIX of its amended third party complaint, Liberty Surplus raises subrogation and contribution claims against the Third Party Insurers.

**II.   Standards**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed.R.Civ.P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Same v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Analysis**

Amerisure contends that no cause of action for contribution between insurers exists under Florida common law. (Doc. 117 at 5). Amerisure bases this argument in part on a Supreme Court case which held that the common law provided no right to contribution among joint tortfeasors. True as that may be, it is not relevant here, as Liberty Surplus does not allege that it is a tortfeasor either alone or with Amerisure. Amerisure goes on to argue that under Florida law there is no right among insurance companies to seek subrogation or contribution for defense costs and attorneys' fees. However, Liberty Surplus contends, and a review of Count XXIX confirms, that

the only attorneys' fees sought in that count are those incurred by Liberty Surplus in the instant case. As Liberty Surplus is not seeking a share of the fees and costs in the underlying action, Amerisure's argument on this point does not aid it.

Amerisure next asserts that Florida law only permits contribution among joint tortfeasors (pursuant to Florida's adoption of the Uniform Contribution Among Tortfeasors Act). However, at least under some circumstances, Florida law permits an excess carrier to sue a primary carrier for equitable contribution (or equitable subrogation). *See Essex Builders Group, Inc. v. Amerisure Insurance Company*, 429 F.Supp.2d 1274, 1288 (M.D.Fla. 2005) (Conway, J.). The Court notes that Liberty Surplus bases its contribution claims (and its subrogation claims) in Count XXIX on the other insurers' provision of coverage to Callahan. As there are at least some instances in which Florida law permits contribution among non-joint tortfeasors, Amerisure's argument to the contrary must fail.

Amerisure contends that any equitable subrogation claim is premature, as the right to subrogation does not arise until judgment is entered or payment is made, and USF&G has not yet obtained a judgment against or payment from Liberty Surplus. Similarly, Amerisure contends that Liberty Surplus must obtain an agreement preserving its cause of action against Amerisure as a prerequisite to seeking contribution or subrogation. However, federal law permits the assertion of equitable contribution and subrogation claims, on a contingent basis, prior to any payment or the entry of judgment. *See id.* at 1289.

Amerisure finally argues that it cannot be held liable to Liberty Surplus for any attorneys' fees as Florida Statute § 627.428[1] only permits insureds to recover such fees, not another insurer. It is true that Florida Statute § 627.428 permits recovery of an attorney's fee against an insurer only by a prevailing "named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer." However, at least in the case of a subrogation – where the insurer steps into the shoes of the insured– Florida courts will permit recovery of such fees by an insurance company in certain circumstances. *See Cosmopolitan Mut. Ins. Co. v. Eden Roc Hotel*, 258 So. 2d 310, 312-13 (Fla. 3d DCA 1972) (permitting recovery of statutory attorney's fee by insurer where suit was brought in name of insured to enforce policy) *and see Utica Mut. Ins. Co. v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 639 So. 2d 41, 43) (denying recovery where true nature of action was for declaratory relief between two insurers rather than a subrogation action). Again, because Florida law permits recovery of attorneys' fees under Section 627.428 by an insurer under at least some circumstances, Amerisure's argument to the contrary must fail.

---

[1] Amerisure's motion actually addresses Florida Statute § 627.426, which deals with claims administration. The Court therefore reads the motion as though it attacked Liberty Surplus's right to recovery pursuant to Florida Statute § 627.428, which deals with attorneys' fees.

**IV.     Conclusion**

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 117) filed by Third Party Defendant Amerisure Mutual Insurance Company is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 8, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party