**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES FIDELITY &
GUARANTY COMPANY,

                Plaintiff,

-vs-                                        Case No.  6:06-cv-1180-Orl-31UAM

LIBERTY SURPLUS INSURANCE
CORPORATION and UNITED STATES
FIRE INSURANCE COMPANY,

                Defendants.
_____

LIBERTY SURPLUS INSURANCE
CORPORATION,
          Third Party Plaintiff,
vs.

AEICOR METAL PRODUCTS, INC.,
MOSS WATERPROOFING & PAINTING
CO., INC., FARRIS GYPSUM FLOORS OF
FLORIDA INC., ST. PAUL TRAVELERS,
COMMERCIAL UNION INSURANCE
COMPANY, AND AUTO-OWNERS
INSURANCE COMPANY,

         Third Party Defendants.
_____

# ORDER

      This matter comes before the Court on the Motion for Summary Judgment (Doc. 223) filed

by Third Party Defendant Moss Waterproofing & Painting Co., Inc. ("Moss Waterproofing"), the

response (Doc. 251) filed by the Defendant/Third Party Plaintiff Liberty Surplus Insurance

Corporation ("Liberty"), and the reply (Doc. 278) filed by Moss Waterproofing.

Liberty's insured, John T. Callahan & Sons, Inc. ("Callahan"), served as the general contractor for construction of a Florida apartment complex called the Westlake Apartments.  After construction was completed, Westlake's owner initiated an arbitration proceeding against Callahan, complaining of alleged construction defects.  Liberty declined to defend or indemnify Callahan.  Callahan filed a third party claim against several of its subcontractors, including Moss Waterproofing, alleging that the subcontractors were ultimately responsible for any defects.

In March 2006, Callahan and its surety, United States Fidelity & Guaranty Company ("USF&G"), settled the claims of Westlake's owner for approximately $8 million.[1]  Subsequently, Moss Waterproofing reached a settlement with USF&G, Callahan and Westlake's owner.  The settlement agreement included a mutual release of all claims related to the Westlake Apartments project.

After the settlement with Westlake's owner, USF&G was able to recoup approximately $1 million of the settlement amount from other sources.  In August 2006, USF&G filed the instant suit, alleging that Liberty breached its policy by failing to defend or indemnify Callahan and seeking to recover the remaining $7 million.  For its part, Liberty filed third party claims against a number of the subcontractors on the Westlake Apartments project, including Moss Waterproofing, and their insurers.

Moss Waterproofing seeks summary judgment on the grounds, *inter alia*, that the release it entered into with Callahan, USF&G, and Westlake's owner – henceforth, the "Release" – bars

---

[1]By virtue of its payment to Westlake's owner, USF&G was subrogated to the position of Callahan against Liberty.  In addition, USF&G was assigned the rights and claims of Callahan and Westlake against Callahan's liability carriers.

Liberty's claims against it, because Liberty must stand in the shoes of its insured, and the insured has released its claims. *See, e.g.*, *Lincoln Nat. Health and Cas. Ins. Co. v. Mitsubishi Motor Sales of America, Inc.*, 666 So. 2d 159, 163 (Fla. 5th DCA 1995) (stating "We think the law is clear that if one who sustains the loss as the result of negligence or wrongdoing of another releases the tortfeasor, an insurer subrogated to the right of the injured party is barred by that release" and listing cases). Liberty argues that an exception to this general rule applies where, as here, the parties to the release knew or should have known that it might acquire a claim against Moss Waterproofing. However, as the Court has discussed in greater detail in its previous order (Doc. 280), the exception only applies where the insurer has made a payment to its insured before the insured settles with the wrongdoer, thereby perfecting the insurer's claims. "[A] settlement executed by the insured cannot act as a bar to an action for subrogation by the insurer against a third-party tortfeasor if, prior to the settlement, the tortfeasor learns of the insurer's perfected subrogation rights." *Lincoln Nat. Health and Cas.* at 163. In this case, Liberty has not made a payment to Callahan. Therefore, the exception can not apply, and the Release bars Liberty's claims against Moss Waterproofing as a matter of law.[2]

---

[2]The Court's resolution of this issue makes it unnecessary to consider the other defenses raised by Moss Waterproofing in its motion.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Summary Judgment filed by Third

Party Defendant Moss Waterproofing & Painting Co., Inc. is **GRANTED**, and all pending claims

against Moss Waterproofing are **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 26, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party