**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES FIDELITY &**
**GUARANTY COMPANY,**

                **Plaintiff,**

**-vs-**                                      **Case No.  6:06-cv-1180-Orl-31UAM**

**LIBERTY SURPLUS INSURANCE**
**CORPORATION and UNITED STATES**
**FIRE INSURANCE COMPANY,**

                **Defendants.**

_____
**LIBERTY SURPLUS INSURANCE**
**CORPORATION,**
        **Third Party Plaintiff,**
**vs.**

**AEICOR METAL PRODUCTS, INC.,**
**MOSS WATERPROOFING & PAINTING**
**CO., INC., FARRIS GYPSUM FLOORS OF**
**FLORIDA INC., ST. PAUL TRAVELERS,**
**COMMERCIAL UNION INSURANCE**
**COMPANY, AND AUTO-OWNERS**
**INSURANCE COMPANY,**

        **Third Party Defendants.**

_____

## ORDER

     This matter comes before the Court on the unopposed Motion for Entry of Judgment under

Rule 54(b) (Doc. 289) filed by Third Party Defendant Farris Gypsum Floors of Florida, Inc.

("Farris").  By order dated October 24, 2007 (Doc. 280), the Court granted Farris's Motion for

Summary Judgment as to all claims against it.  At this time, other claims remain pending against

the original defendants and several other third party defendants.

Rule 54(b) of the Federal Rules of Civil Procedure provides

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

A district court must follow a two-step analysis in determining whether a partial final

judgment may properly be certified under Rule 54(b).  *Lloyd Noland Foundation, Inc. v. Tenet

Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).  First, the court must determine that its

final judgment is both "final" and a "judgment".  *Id.*  That is, the court's decision must be "final"

in the sense that it is "an ultimate disposition of an individual claim entered in the course of a

multiple claims action," and a "judgment" in the sense that it is a decision upon a cognizable claim

for relief.  *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).  Second,, the

court must determine that there is no "just reason for delay" in certifying it as final and

immediately appealable.  *Id.*  This latter inquiry is required because not all final judgments on

individual claims should be immediately appealable.  *Id.*  "The district court must act as a

'dispatcher' and exercise its discretion in certifying partial judgments in consideration of 'judicial

administrative interests' – including 'the historic federal policy against piecemeal appeals.'"  *Id.*

(quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

Although the decision to certify a judgment under Rule 54(b) is committed to the sound discretion of the District Court, the Eleventh Circuit has indicated that this discretion should be exercised conservatively: "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (per curiam) (quoting *Morrison-Knudson Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.).

In the instant case, the Court's October 24 order granted summary judgment to Farris as to all claims against it. Therefore, the first prong of the Rule 54(b) analysis is satisfied. And the parties contend that there is no just reason for delay. However, Farris offers no justification for entry of final judgment as to the claims that had been pending against it other than a desire to avoid "needless inclusion in the remainder of this litigation and [to] gain finality." Under *Ebrahimi*, this is not a sufficient justification for the entry of judgment under Rule 54(b). In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Entry of Judgment under Rule 54(b) (Doc. 289) filed by Third Party Defendant Farris Gypsum Floors of Florida, Inc. is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 31, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

-3-

Counsel of Record
Unrepresented Party